UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

KENYATTA TYRONE JAMES,           )
                                 )
                Plaintiff,       )
        vs.                      )   No. 4:12-cv-50-TWP-DML
                                 )
UNITED STATES BUREAU OF          )
 ALCOHOL, TOBACCO, FIREARM, AND  )
 EXPLOSIVES (ATF) AGENCY, et al.,)
                                 )
                Defendants.      )

**Entry Discussing Selected Matters**

**I.**

This cause is before the court on the plaintiff's motion to vacate judgment. That motion seeks to have a judicial foreclosure decree entered by an Indiana state court in No. 10D01-0807-MF-627 vacated. The amended foreclosure judgment is described as having been entered on July 15, 2008, and relates to property known as 4205 Lakeside Drive, Sellersburg, Indiana. It is asserted in the motion to vacate that the plaintiff—who was the defendant in the state foreclosure action—was not properly served with process and that this renders the judgment infirm.

The claim just described has no discernible connection with the defendants in the action or with any of the events described in the complaint filed in this case on April 25, 2012. The claim just described is misjoined in this case. *DirecTV, Inc. v. Leto,* 467 F.3d 842, 844 (3d Cir. 2006)("Misjoinder [under Rule 21] . . . occurs when there is no common question of law or fact or when . . . the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction."). "To remedy misjoinder, . . . the court has two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately." *DirecTV,* 467 F.3d at 845 (internal quotation marks omitted). Generally, if a district court finds that a plaintiff has misjoined parties, the court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson,* 227 F.3d 1009, 1012 (7th Cir. 2000). Severance preserves rights that depend on the date that the complaint was filed, such as defenses to applicable statutes of limitation. *Id.*

**II.**

The claim described in Part I of this Entry as misjoined shall be severed from the action and processed as a new civil action pursuant to the directions in Part III.A. of this Entry.

**III.**

**A.**

The **Nature of Suit code** of the new action to be opened is 555.

The **Cause of Action code** of the new civil action to be opened is 42:1983pr.

The assignment of judicial officers in the new civil action shall be by random assignment.

The initial pleading in the new civil action shall be the motion to vacate. The initial pleading is to be docketed as "complaint." A copy of this Entry shall also be filed and docketed in the newly opened actions.

The parties in the new civil action to be opened are: *Plaintiff - James*; and *Defendant – U.S. Bank N.A., as Trustee.*

**B.**

The motion to vacate [Dkt. 10] is **denied** insofar as filed in this action, but this denial shall have no preclusive effect on any properly asserted challenge to the foreclosure action docketed as No. 10D01-0807-MF-627.

**IT IS SO ORDERED.**

Date: 06/05/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Note to Clerk: Processing this document requires actions in addition to docketing and distribution.

Distribution:

Kenyatta T. James
231675
Blackburn Correctional Complex
3111 Spurr Road
Lexington, KY 40511