UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KENYATTA TYRONE JAMES,  )<br>  )<br>            Plaintiff,  )<br>    vs.  )<br>  )<br>UNITED STATES BUREAU OF  )<br>  ALCOHOL, TABACCO, FIREARM, AND  )<br>  EXPLOSIVES (ATF) AGENCEY, et al.,  )<br>  )<br>            Defendants.  ) | Case No. 4:12-cv-50-TWP-DML |

**ENTRY DENYING MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Kenyatta James ("Mr. James") seeks a preliminary injunction compelling the United States to quash or dismiss a criminal action brought against Mr. James in the Western District of Kentucky. (Dkt. 53).

### I.  LEGAL STANDARD

A preliminary injunction is "an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Roland Mach. Co. v. Dresser Indus., Inc.,* 749 F.2d 380, 389 (7th Cir. 1984) (citation and internal quotations omitted).  When a court is presented with a request for preliminary injunction, it considers multiple factors.  The Seventh Circuit Court of Appeals has recognized that a party seeking to obtain a preliminary injunction must demonstrate: (1) "a likelihood of success on the merits," (2) "a lack of an adequate remedy at law," and (3) "a future irreparable harm if the injunction is not granted." *Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1020-21 (7th Cir. 2002). To obtain a preliminary injunction, the moving party must show that its case has "some likelihood of success on the merits" and that it has "no adequate

remedy at law and will suffer irreparable harm if a preliminary injunction is denied." *Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). If the moving party meets these threshold requirements, the district court "must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied." *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

## II.   DISCUSSION

Mr. James' motion fails on the first prong. As an initial matter, the injunction Mr. James seeks cannot be granted because this request is made before any defendant has been served with process. An injunction, like any "enforcement action," may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court. *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007); *see also Audio Enters., Inc. v. B & W Loudspeakers*, 957 F.2d 406, 410 (7th Cir. 1992) (vacating preliminary injunction because defendant had not been served).

Additionally, the preliminary injunction Mr. James seeks is outside the scope of issues which can be presented in this action. If Mr. James has been charged in a federal prosecution in Kentucky or Indiana, any relief along the lines mentioned in the motion for preliminary injunction, which are proper, are available to the parties in that particular case. Importantly, any effort indirectly or otherwise, which might torpedo prosecution, scheduling or other proceedings in a pending prosecution is misplaced. If Mr. James has been convicted in a federal court, his remedies consist of appeal and collateral challenges, if procedurally available to him, rather than a civil lawsuit. *See Skinner v. Switzer,* 131 S. Ct. 1289, 1293 (2011). Because of the procedural flaws in this action, Mr. James has no likelihood of success on the merits in securing the relief sought in the

motion for preliminary injunction

An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Winter v. Natural Resources Defense Council, Inc.,* 129 S. Ct. 365, 376 (2008) (citation omitted). Because Mr. James has not carried this burden, his motion for preliminary injunction (Dkt. 53) must be **DENIED**.

SO ORDERED.

Date: 09/09/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Kenyatta T. James
231675
North Point Training Center
P.O. Box 479
Burgin, KY 40310