UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KENYATTA TYRONE JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:12-cv-00050-TWP-DML |
| | ) |
| UNITED STATES BUREAU OF ALCOHOL, | ) |
| TOBACCO, FIREARMS AND EXPLOSIVES | ) |
| (ATF) AGENCY, AGENT CHARLEY A.SCARBER, | ) |
| AGENT TODD E. TREMAINE, AGENT BRETT W. | ) |
| FINAL, and AGENT JUSTIN C. DEMAREE, | ) |
| | ) |
| Defendants. | ) |

**ENTRY AND ORDER DISMISSING ACTION**

Plaintiff Kenyatta Tyrone James ("Mr. James"), an inmate confined in a Kentucky prison, has filed an Amended Complaint (Dkt. 58), *pro se,* alleging violations "under 42 U.S.C. § 1983 or under *Bivens v. Six Unknown Federal Narcotics Agents"*. Because he is a prisoner as defined in 28 U.S.C. § 1915(h), the Amended Complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). For the reasons stated below the matter is **DISMISSED**.

**I. BACKGROUND**

Through his Amended Complaint, filed on October 29, 2913, Mr. James seeks compensatory and punitive damages, an order terminating a federal investigation, and a business license. The Defendants in the Amended Complaint are the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("the ATF"), a federal agency, ATF Special Agent Charley A. Scarber, in his individual capacity, ATF Special Agent Todd E. Termaine, in his individual capacity, ATF GS Brett W. Final, in his individual capacity, and ATF Special Agent Justin C.

Demaree, in his individual capacity.

Mr. James alleges in his Amended Complaint that:

- On February 12, 2007, he was arrested while traveling South on US Highway 31.

- On August 18, 2007, he was stopped and his vehicle was searched on an interstate highway near Flagstaff, Arizona.

- On January 15, 2008, he was traveling North on US Highway 31 when he was stopped and arrested.

- At some point thereafter, Defendant Scarber made false statements in support of an application for a search warrant for the his home.

- The search warrant was executed, no evidence of crime was discovered, but a large amount of United States currency was found and seized.

- On April 14, 2008, a federal court in Kentucky authorized the placement of a tracking device on his family vehicle and Mr. James explains that this was authorized as a result of fraud and misconduct.

- On February 14, 2009, he was arrested by a fugitive task force in Jeffersonville, Indiana.

- On February 18, 2009, Defendant Scarber placed a "fraudulent detainer" against him with the Clark County Jail.

- After his arrest just noted, government agents went in front of the media and the public and made false statements disparaging him as a dangerous fugitive from justice.

## II. **DISCUSSION**

The original Complaint filed in this matter was signed by Mr. James on April 23, 2012 and processed by the Clerk on April 25, 2012. Thereafter, an Amended Complaint was signed by Mr. James on October 21, 2013 and processed by the Clerk on October 29, 2013. The most recent specific event narrated in the Amended Complaint is described as having occurred following Mr. James' arrest in February 2009. Pursuant to 28 U.S.C. § 1915A(b) "[a] complaint or a claim within a complaint is subject to dismissal for failure to state a claim if the allegations,

taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

> Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971) ("*Bivens*"), or by a suit against the United States under the Federal Tort Claims Act [FTCA] . . . which permits claims based upon misconduct which is tortious under state law. 28 U.S.C. §§ 1346(6), 2680.

*Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985).

There are two types of defendants in this case—(1) a federal agency and (2) several individuals. "The FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances.'" *Sosa v. Alvarez–Machain,* 542 U.S. 692, 700 (2004) (quoting *Richards v. United States,* 369 U.S. 1, 6 (1962)). Neither of the defendants in this case could be named in a proper FTCA action because the only proper defendant in such an action is the United States. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008).

*Bivens* creates a remedy, not a substantive right. *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995) (noting that "the effect of *Bivens* was to create a remedy against federal officers acting under color of federal law that was analogous to the Section 1983 action against state officials"). Thus, to state a *Bivens* claim the plaintiff must allege a violation of the United States Constitution or a federal statute. *Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir. 1987). Because "vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

The defendant agency is not a proper defendant in a *Bivens* action. *See Federal Deposit*

*Ins. Corp. v. Meyer,* 510 U.S. 471, 484 (1994); *Keene Corp. v. United States,* 700 F.2d 836, 845 n.13 (2d Cir. 1983) (such constitutional claims against the United States are "routinely dismissed for lack of subject matter jurisdiction."). Rather, individuals (federal officials and agents) are proper defendants in a *Bivens* action. However, in this instance, there is more to ascertain the legal sufficiency of the Amended Complaint. Defendant Scarber is described in vague terms as being involved in some of the incidents described in the Amended Complaint, though it is doubtful that sufficient personal responsibility is associated with any of the Defendants to support their liability. More important, however, is that the action has not been timely filed as to any of the individual defendants.

A two-year statute of limitations applies to *Bivens* claims arising in Indiana. *See Jackson v. Kotter*, 541 F.3d 688, 699 (7th Cir. 2008); I.C. § 34-11-2-4. With the most recent incidents described in the Amended Complaint having occurred in February 2009, the two-year statute of limitations could not have expired later than February 2011. This makes both the original Complaint filed in April 2012 and the Amended Complaint filed in October 2013 markedly untimely. And because these complaints are untimely, not even the relation back provisions of Rule 15(c) can make any of Mr. James' claims timely.

District judges have discretion to invoke a statute of limitations *sua sponte* if the defense is apparent from the complaint or another document in the court's files. *See Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). This is such a case.

### III. CONCLUSION

For the reasons explained above, the Amended Complaint (Dkt. 58) fails to state a claim upon which relief may be granted. **Dismissal** of the action pursuant to 28 U.S.C. § 1915A is mandatory. See *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 06/11/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kenyatta T. James, #231675
North Point Training Center
Highway 33
P.O. Box 479
Burgin, Kentucky 40310