# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| KENYATTA TYRONE JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:12-cv-00050-TWP-DML |
| | ) |
| UNITED STATES BUREAU OF ALCOHOL, | ) |
| TOBACCO, FIREARMS AND EXPLOSIVES | ) |
| (ATF) AGENCY, AGENT CHARLEY A.SCARBER, | ) |
| AGENT TODD E. TREMAINE, AGENT BRETT W. | ) |
| FINAL, and AGENT JUSTIN C. DEMAREE, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON PENDING MOTIONS**

This matter is before the Court on several pending motions filed by Plaintiff Kenyatta Tyrone James ("Mr. James"). On October 29, 2013, Mr. James, an inmate confined in a Kentucky prison, filed an amended complaint alleging violation of his rights under 42 U.S.C. §1983.

"A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or in part, if … it 'fails to state a claim upon which relief can be granted." *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)). Thus, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). That was the fate of the amended complaint filed by Mr. James, a "prisoner" as that term is defined by 28 U.S.C. § 1915(h). Judgment dismissing the action based on the legal insufficiency of the complaint was entered on the Clerk's docket on June 11, 2014 (Filing No. 67).

Following the entry of the final judgment, Mr. James filed several motions, each of which

has been considered in light of the prior proceedings and each of which is resolved as specified below:

1. Based on its timing and its content, the Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b) ([Filing No. 69](#)), filed on July 2, 2014, is treated as a motion to alter or amend judgment pursuant to Rule 59(e). See *Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure depends on the substance of the motion, not on the timing or label affixed to it).

2. "To prevail on a Rule 59(e) motion, the moving party 'must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of a judgment.'" *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.,* 733 F.3d 761, 770 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012)). Mr. James has not established either prong of this test. Accordingly, his Motion to Vacate ([Filing No. 69](#)), treated as a motion to alter or amend judgment, is **DENIED**.

3. Mr. James' other "motions" filed on July 2, 2014 ([Filing No. 70](#), [Filing No. 71](#)) seek relief ancillary to the motion to alter or amend judgment and are **DENIED** because the motion to alter or amend judgment is without merit.

4. Mr. James' Notice of Appeal filed on July 18, 2014 ([Filing No. 73](#)), is accompanied by his request to proceed on appeal *in forma pauperis* ([Filing No. 74](#)), and his Motion for Certificate of Appealability ([Filing No. 75](#)).

5. An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; see *Coppedge v. United States*, 369 U.S. 438 (1962). "An appeal can be frivolous when the result is obvious or when the appellant's argument

is wholly without merit." *Goyal v. Gas Technology Institute,* 732 F.3d 821, 823-24 (7th Cir. 2013) (internal quotation omitted). Here, there is no objectively reasonable argument which Mr. James could present to argue that the transfer of this action was erroneous or even that it is appealable. In pursuing an appeal, therefore, Mr. James "is acting in bad faith … [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Mr. James' request to proceed on appeal *in forma pauperis* (Filing No. 74) is **DENIED**.

6. Finally, Mr. James' Motion for Certificate of Appealability (Filing No. 75) is **DENIED** because such a certificate is implicated only in certain circumstances where a petition for writ of habeas corpus has been denied. This is not such a case.

**SO ORDERED.**

Date: 9/16/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kenyatta T. James, #231675
North Point Training Center
Highway 33
P.O. Box 479
Burgin, Kentucky 40310